UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL GHAYUR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MANJIT KHANG,<br><br>　　　　Defendants. | Case No.: 1:23-cv-0712 JLT HBK<br><br>ORDER *SUA SPONTE* REMANDING CASE TO STANISLAUS COUNTY SUPERIOR COURT |

Bilal Ghayur, initiated this action against Manjit Khang by filing a complaint for unlawful detainer in Stanislaus County Superior Court, Case No. UD-23-000381.[1] (Doc. 1 at 7-10.) On May 9, 2023, Khang filed a Notice of Removal and intimated the matter before this Court. (Doc. 1.) At the same time, Khang filed a motion to proceed *in forma pauperis*. (Doc. 3.) For the reasons set forth below, the Court finds it lacks subject jurisdiction over the action and the matter is **REMANDED** to Stanislaus County Superior Court, and the motion to proceed *in forma pauperis* is terminated as moot.

///

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The accuracy of the Court's records cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd* 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980). Therefore, judicial notice is taken of the docket and complaint filed on March 29, 2023, in Case No. UD-23-000381, which is attached to the Notice of Removal.

1

## I. Removal Jurisdiction

Khang asserts the "Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1441." (Doc. 1 at 2, emphasis omitted.) Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). Specifically,

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331.

A party seeking removal must file a notice of removal of a civil action within thirty days of receipt of a copy of the initial pleading. *Id.* at § 1446(b). Removal statutes are to be strictly construed, and any doubts are to be resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of proving its propriety. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 2274 F.3d 831, 838 ("the burden of establishing federal jurisdiction falls to the party invoking the statute"). If there is any doubt as to the right of removal, "federal jurisdiction must be rejected." *Duncan*, 76 F.3d at 1485.

The Court has "a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004); *see also Bernhardt v. County of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002) (observing the court "must raise issues concerning [its] subject matter jurisdiction sua sponte"); *Kelton Arms Condo. Homeowners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192-93 (9th Cir. 2003) (noting a distinction between procedural and jurisdictional defects and holding a "district court *must* remand if it lacks jurisdiction"). Thus, a court "can, in fact must, dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has a filed a motion." *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995).

## II. Discussion and Analysis

The determination of subject matter jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392; *see also California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). The complaint must establish "either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Thus, "a case may not be removed on the basis of a federal *defense*…." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, (1987) (emphasis added).

Khang asserts that "[t]he complaint presents federal questions." (Doc. 1 at 2.) Significantly, however, the only cause of action identified by Ghayur in the complaint is unlawful detainer. (*See* Doc. 1 at 7-10.) An unlawful detainer action does not arise under federal law but arises instead under state law. *See Wells Fargo Bank v. Sherzad*, 2022 WL 913251, at *1 (E.D. Cal. Mar. 29, 2022) (a complaint for unlawful detainer "relies solely on California state law and does not state any claims under federal law"); *Fannie Mae v. Suarez*, 2011 WL 13359134, at *2 (E.D. Cal. July 27, 2011) ("Unlawful detainer actions are strictly within the province of state court"). Thus, Ghayur did not raise a claim that invokes federal subject matter jurisdiction.

Khang also contends the Court has jurisdiction because the answer is "a pleading [that] depend[s] on the determination of Defendant's rights and Plaintiff's duties under federal law." (Doc. 1 at 2.) A review of the Answer indicates that Khang indicates: "Defendant did not receive plaintiff's Mandatory Cover Sheet and Supplemental Allegations (form UD-101)." (*Id.* at 11.) However, the receipt of such form is a construction of *state* law governing unlawful detainers, rather than federal law. Moreover, the fact that an answer may depend on federal law is insufficient to establish subject matter jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law."); *see also Five Star Prop. Mgmt. v. Salazar*, 2022 WL 676169, at *1-2

3

(E.D. Cal. Feb. 22, 2022) (finding an identical assertion—that the answer to an unlawful detainer complaint "depends on the determination of Defendant's rights and Plaintiff's duties under federal law"—failed to invoke subject matter jurisdiction under Section 1441); *Barragan v. Croney*, 2021 WL 4728762, at *1-2 (E.D. Cal. Sept. 30, 2021) (same). Thus, Khang is unable to establish subject matter jurisdiction based upon his answer.

### III.  Conclusion and Order

Because there is no federal question appearing in the complaint, the Court cannot exercise jurisdiction and the action must be remanded to the state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). Accordingly, the Court **ORDERS**:

1. The matter is **REMANDED** to the Superior Court of Stanislaus County for lack of subject matter jurisdiction.
2. Defendant's motion to proceed *in forma pauperis* (Doc. 3) is terminated as moot.
3. The Clerk of Court is **DIRECTED** to close this matter.

IT IS SO ORDERED.

Dated:  **May 11, 2023**                                         /s/ Jennifer L. Thurston
                                                                           UNITED STATES DISTRICT JUDGE

4